IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

OTSUKA PHARMACEUTICAL CO., LTD.
AND H. LUNDBECK A/S,

                *Plaintiffs*,

      v.

MYLAN LABORATORIES LIMITED,
VIATRIS INC. AND MYLAN
PHARMACEUTICALS INC.,

                *Defendants*.

C.A. No. 22-464-JLH (consolidated)

**ANDA CASE**

**<u>REDACTED PUBLIC VERSION</u>**

## JOINT MOTION TO REDACT PORTIONS OF THE DECEMBER 8, 2023 TELECONFERENCE HEARING TRANSCRIPT

Pursuant to this Court's Policy on the Electronic Availability of Transcripts of Court Proceedings, Plaintiffs Otsuka Pharmaceutical Co., Ltd. and H. Lundbeck A/S ("Plaintiffs") AND Defendants Mylan Laboratories Ltd., Viatris Inc. and Mylan Pharmaceuticals Inc. ("Defendants") hereby move to redact portions of the transcript of the December 8, 2023 teleconference hearing, as set forth in Exhibits A and B attached hereto[1].

Plaintiffs seek to redact limited portions of the Hearing Transcript which contain confidential and sensitive business information of Plaintiffs that is not publicly available. The confidential and sensitive business information includes confidential research and development ("R&D") information, and information pertaining to: (a) regulatory strategy including strategy to obtain regulatory approval of a New Drug Application, (b) confidential communications with FDA

---

[1] Exhibit A includes the parties' proposed redactions to the transcript of the December 8, 2023 teleconference hearing. Exhibit B is a version of the same transcript with the proposed redactions applied.

and analysis of the same, (c) confidential communications with consultants, and (d) draft regulatory materials.

Defendants similarly seek to redact limited portions of the Hearing Transcript that contain references to Defendants' confidential and sensitive business information that is not publicly available, including R&D information and information regarding regulatory filings pertaining to their proposed aripiprazole for extended-release injectable suspension ANDA products. Defendants' ANDA is undergoing review by the FDA and thus all information pertaining to their ANDA is treated as highly confidential, both as between the parties and as between Defendants and the FDA.

The parties would suffer significant hardship from public disclosure of the information sought to be kept under seal and redacted in the Hearing Transcript, as competitors would be able to use this information to unfairly inform their own regulatory strategies with respect to developing and seeking approval of drugs in the CNS space.  For instance, other pharmaceutical manufacturers could use the details of parties' confidential and sensitive information relating to R&D and regulatory strategy as a roadmap for their own potential products that could undercut the parties' business interests.  *Cipla Ltd. v. Boehringer Ingelheim Pharms. Inc.*, C.A. No. 22-300, D.I. 9, at *2 (D. Del. Mar. 7, 2022, J. Andrews) (finding "good cause" and granting motion to seal portions of a Complaint and various Exhibits to the same containing "details of, discussion of, and/or reference to confidential information regarding [the movant's] ANDA and [their] proposed ANDA product" based on similar rationale).

Indeed, the parties' confidential and sensitive information is the type of information that rebuts the presumption of public access and should be protected from public disclosure.  *See, e.g.*, *Genentech, Inc. v. Amgen, Inc.*, No. 17-1407-CFC, 2020 WL 9432700, at *4 (D. Del. Sept. 2,

2020), report and recommendation adopted, No. CV 17-1407-CFC, 2020 WL 9432702 (D. Del. Oct. 1, 2020) ("The revelation of . . . competitively sensitive information that may not meet the formal definition of 'trade secret,' but nonetheless is shown to be of the nature that would work palpable competitive harm on a party, is precisely the type of material most likely to successfully rebut the presumption favoring access."); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993) ("Documents containing trade secrets or other confidential business information may be protected from disclosure."); *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1070-71 (3d Cir. 1984) ("[T]here are certain exceptions to the presumptive openness of judicial proceedings," which include "the protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm.").

Accordingly, the parties respectfully request that the Court order that the portions of the transcript of the December 8, 2023 teleconference hearing containing the parties' confidential and sensitive business information, including R&D information and information pertaining to regulatory filings and strategy, be redacted, as set forth in Exhibits A and B attached hereto.

ASHBY & GEDDES

/s/ Andrew C. Mayo

_____

Steven J. Balick (#2114)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P. O. Box 1150
Wilmington, DE  19899
(302) 654-1888
sbalick@ashbygeddes.com
amayo@ashbygeddes.com

Of Counsel:

James B. Monroe (Pro Hac Vice)
Paul W. Browning (Pro Hac Vice)
Denise Main (Pro Hac Vice)
Jennifer H. Roscetti (Pro Hac Vice)
Erin M. Sommers (Pro Hac Vice)
Jeanette M. Roorda (Pro Hac Vice)
Melanie Magdun (Pro Hac Vice)
A. Sasha Hoyt (Pro Hac Vice)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4431
(202) 408-4000

Attorneys for Plaintiffs
Otsuka Pharmaceutical Co., Ltd. and H.
Lundbeck A/S

Dated:  June 6, 2024

RICHARDS, LAYTON & FINGER, P.A.

/s/ Christine D. Haynes

_____

Frederick L. Cottrell, III (#2555)
Jason J. Rawnsley (#5379)
Christine D. Haynes (#4697)
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
rawnsley@rlf.com
haynes@rlf.com

Of Counsel:

Shannon M. Bloodworth (Pro Hac Vice)
Brandon M. White (Pro Hac Vice)
Maria A. Stubbings (Pro Hac Vice)
Christopher D. Jones (Pro Hac Vice)
Jonathan I. Tietz (Pro Hac Vice)
PERKINS COIE LLP
700 Thirteenth Street, N.W. Suite 800
Washington, D.C. 20005-3960
(202) 654-6200

David L. Anstaett (Pro Hac Vice)
Autumn N. Nero (Pro Hac Vice)
Emily J. Greb (Pro Hac Vice)
Brandon M. Lewis (Pro Hac Vice)
PERKINS COIE LLP
33 E. Main Street, Suite 201
Madison, WI 53703
(608) 663-7460

Attorneys for Defendants Mylan Laboratories
Limited, Viatris Inc., and Mylan
Pharmaceuticals Inc.